IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KHASEEM WHITE. | CRIMINAL ACTION<br><br>NO. 22-16-KSM |

**MEMORANDUM**

**MARSTON, J.**                                                                                                                  **August 9, 2022**

Presently before the Court is Defendant Khaseem White's Motion to Dismiss the Indictment. (Doc. No. 26.) The Government opposes the motion. (Doc. No. 28.)

For the reasons discussed below, the Court denies Defendant's motion.

**I.      Background**

On January 18, 2022, a grand jury returned a one-count Indictment charging Defendant with violating 18 U.S.C. § 922(g)(1). (Doc. No. 11 (alleging that on or around May 4, 2021, in Philadelphia, Defendant "knowing he had previously been convicted in a court of the State of New Jersey of a crime punishable by imprisonment exceeding one year, knowingly possessed a firearm, that is, a Sig Sauer, model P226, 9x19mm semi-automatic pistol, bearing serial number U384490, loaded with 35 live rounds of 9mm ammunition" in violation of § 922(g)(1)).) Under § 922(g)(1), it is unlawful for any person "who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm or ammunition. 18 U.S.C. § 922(g)(1).

In his motion to dismiss, Defendant argues that the Indictment should be dismissed because he was not previously convicted of a "crime punishable by imprisonment exceeding one year" and because applying § 922(g)(1) in this case violates the Second Amendment to the U.S.

Constitution. (Doc. No. 26.) The Government opposes the motion. (Doc. No. 28.) The Court addresses each contention in term.

## II. Discussion

### A. The Government Has Stated a § 922(g)(1) Claim

First, the Court addresses Defendant's contention that the Indictment must be dismissed because Defendant's underlying conviction did not constitute a "crime punishable by imprisonment for a term exceeding one year" and therefore the Indictment does not state a § 922(g)(1) claim.

Defendant previously pled guilty to, and was convicted of, violating the obstruction of justice statute in New Jersey, N.J. Stat. Ann. 2C:29–1, a fourth degree crime, and was sentenced to one year probation.[1] (*See* Gov't Ex. 1; *see also* Doc. No. 26 at 3–4.) Under N.J. Stat. Ann. 2C:29–1, "[a] person commits an offense if he purposely obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from lawfully performing an official function by means of flight, intimidation, force, violence, or physical interference or obstacle." N.J. Stat. Ann. 2C:29–1(a). The offense is classified as "a crime of the fourth degree if the actor obstructs the detection or investigation of a crime or the prosecution of a person for a crime." *Id.* 2C:29–1(b). Crimes of the fourth degree are punishable by up to 18 months' imprisonment.

As noted above, under Section 922(g)(1), it is unlawful for any person "who has been

---

[1] In his motion, Defendant writes: "Although the Judgment does indicate that Mr. White had pled guilty to a 4th degree offense, it does not state anywhere on the judgment that the maximum penalty could have been a sentence of incarceration of up to 18 months." (Doc. No. 26 at 3 n.1.) But this is misleading and reflects a lack of candor with the Court. As the Government points out, the plea form *that Defendant signed* explicitly provides that the offense had a statutory maximum of eighteen months' imprisonment. (Doc. No. 28-1 at 1.)

convicted in any court, of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm or ammunition. 18 U.S.C. § 922(g)(1). For purposes of § 922(g)(1), "[t]he term 'crime punishable by imprisonment for a term exceeding one year' does not include . . . *any State offense classified by the laws of the State as a misdemeanor* and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20)(B) (emphasis added). Defendant argues that his underlying conviction was a misdemeanor and therefore is not a "crime punishable by imprisonment for a term exceeding one year" as that term is defined by § 922(g)(1). The Court disagrees.

New Jersey does not classify offenses as felonies or misdemeanors; instead, it classifies offenses in degrees. *See In re Rettschlag*, 2008 WL 1787466, at *1 (N.J. Super. Ct. Apr. 22, 2008) ("Crimes in New Jersey are not designated as either misdemeanors or felonies. Rather, the criminal code designates crimes as first, second, third, or fourth degree."); *see also United States v. Thomas*, 2 F.3d 79, 81 (4th Cir. 1993) ("New Jersey formerly classified crimes as felonies, high misdemeanors, and disorderly persons of offenses. With a rewrite of its criminal code in 1979, the state abandoned those classifications and redefined all non-capital offenses as either 'crimes' or 'disorderly persons offenses.' The category 'crimes' was further subdivided into degrees, from the first degree (the most aggravated) to the fourth degree (the least aggravated). A 'crime' of any degree is not necessarily equivalent to a misdemeanor. . . . Because New Jersey has classified aggravated assault as a 'crime' [in the fourth degree], distinguishing it from a less serious 'disorderly person offense,' we cannot say that it has been classified a misdemeanor by the state.").

However, New Jersey courts have considered offenses that are punishable by more than a year in prison as a common law felony. *See In re Rettschlag*, 2008 WL 1787466, at *1 ("A

fourth degree crime is punishable by a term of imprisonment not to exceed eighteen months. Offenses that are punishable by imprisonment for more than one year are considered common law felonies."); *Zaborowski v. N.J. Div. of State Police*, 2007 WL 935603, at *1–2 (N.J. Super. Ct. Mar. 30, 2007) (affirming the determination by an officer of the New Jersey State Police Identification and Information Technology Section that the petitioner's convictions "for fourth-degree offenses are equivalent to felonies in the federal and other states' systems that use the terms felony and misdemeanor to describe offenses" and holding that the petitioner's criminal history record "accurately designated his fourth-degree convictions as equivalent to common law felonies"); *id.* at *2 ("It is well established that our fourth-degree crimes, which are punishable in State prison for a term of up to eighteen months, are equivalent to common law felonies"). *Cf. Remoi v. Att'y Gen. U.S.*, 175 F. App'x 580, 584 (3d Cir. 2006) (in the immigration context, explaining that "[a]lthough New Jersey does not categorize crimes as 'felonies,' but rather as crimes of first, second, third and fourth degrees and as disorderly conduct offenses[,] New Jersey has for other purposes defined a 'felony' as an offense punishable by more than a year in prison" and concluding that because Remoi's "crime was punishable by a maximum of 18 months in prison, it thus may be categorized as a felony" (internal citation omitted)).

Because Defendant was convicted of a crime that was punishable by a term exceeding one year (specifically, eighteen months), and because the crime is not classified as a misdemeanor by the laws of the State of New Jersey, the Court finds that the Indictment states an offense.

Defendant's argument that obstruction of justice is a misdemeanor in other states does not move the needle. The question is not whether *other* states classify obstruction of justice as a misdemeanor—the question is whether *New Jersey* does. It does not. In sum, because the plain

language § 921(a)(2)(B) excludes only crimes that are "classified by the laws of the State as a misdemeanor" and because obstruction of justice is not classified as a misdemeanor under New Jersey state law, Defendant's contention that his prior conviction is excluded under § 921(a)(2)(B) necessarily fails.  Accordingly, the Court denies Defendant's motion to dismiss on this ground.

### B.  Defendant's As-Applied Challenge to § 922(g)(1) Fails

Next, the Court turns to Defendant's argument that § 922(g)(1) is unconstitutional as applied to him and violates his Second Amendment rights.

To support his position, Defendant cites to the Third Circuit decision *Binderup v. Attorney General United States of America*, 836 F.3d 336 (3d Cir. 2016).  (*See* Doc. No. 26 at 6–9.)  However, in *Binderup*, the Third Circuit emphasized the narrow scope of its decision:

> *Our decision is limited to the cases before us, which involve state-law misdemeanants* bringing as-applied Second Amendment challenges to § 922(g)(1).  This is important because when a legislature chooses to call a crime a misdemeanor, we have an indication of non-seriousness that is lacking when it opts instead to use the felony label.  *We are not confronted with whether an as-applied challenge can succeed where the purportedly disqualifying offense is considered a felony by the authority that created the crime.  On the one hand, it is possible to read Heller to leave open the possibility, however remote, of a successful as-applied challenge by someone convicted of such an offense.  At the same time, even if that were so, the individual's burden would be extraordinarily high—and perhaps even insurmountable.*  In any event, given that neither Challenger fits that description, we need not decide the question.

*Binderup*, 836 F.3d at 353 n.6 (emphases added).

Nonetheless, because the Third Circuit has not foreclosed the possibility of a successful as-applied challenge to § 922(g)(1) by an individual previously convicted of a crime other than one labelled a misdemeanor, we do not stop our analysis here.  *See Folajtar v. Att'y Gen. U.S.*, 980 F.3d 897, 911 (3d Cir. 2020) ("Our decision, like those of some of our sister circuits, does not

5

adopt a blanket rule categorically foreclosing an as-applied challenge to § 922(g)(1) for a felony conviction, and we do not rule out the possibility of an exceptional federal or state felony unmoored from the bar's historical underpinnings.").

Under *Binderup*, a challenger must prove "'that he was not previously convicted of a serious crime.'" *King v. Att'y Gen. U.S.*, 783 F. App'x 111, 113 (3d Cir. 2019) (quoting *Binderup*, 836 F.3d at 356); *see also Holloway v. Att'y Gen. U.S.*, 948 F.3d 164, 173 (3d Cir. 2020) (determining that application of § 922(g)(1) was presumptively lawful, and then examining whether the crime "was nonetheless 'not serious enough to strip [the defendant] of his Second Amendment rights'"). "Under *Binderup*, 'a person who did not commit a serious crime retains his Second Amendment rights,' because 'a non-serious crime does not demonstrate a lack of virtue that disqualifies an offender from exercising those rights.'" *Holloway*, 948 F.3d at 173 (quoting *Binderup*, 836 at 351).

When the challenger has been convicted of a felony, the Third Circuit has explained the inquiry is, "Has the plaintiff overcome the generally conclusive rule that a felony conviction is serious, so that it falls outside the historical class of offenses that render felons excluded from Second Amendment?" *Folajtar*, 980 F.3d at 902; *id.* at 910 ("As felony status is generally conclusive evidence that the offense is serious, we ask whether Folajtar's offense is so exceptional for it to fall outside the historical bar."); *see also id.* at 903 ("[T]he legislature's decision to label an offense a felony is generally conclusive in our analysis of seriousness, and while we do not foreclose the possibility that a legislature could be overly punitive and classify as a felony an offense beyond the limits of the historical understanding, a 'non-serious felony' would be rare.").

In *Folajtar*, the challenger had previously been convicted of federal tax fraud, a felony, and argued that § 922(g)(1) was unconstitutional as applied to her. The district court disagreed,

6

and the Third Circuit affirmed. In so holding, the Third Circuit concluded that the plaintiff had failed to prove that tax fraud was not a serious crime. *See id.* at 910–11. The Third Circuit reasoned that "[b]y making a tax return that she knew to be false, Folajtar willfully deprived the Government of its property," and such an act was "no less serious than" larceny or forgery and "reflect[ed] grave misjudgment." *Id.*

Here, Defendant was convicted of obstruction of justice, a fourth degree crime in New Jersey. Although New Jersey does not classify offenses as misdemeanors or felonies, New Jersey courts have considered a fourth-degree crime to be the equivalent of a common law felony. *See, e.g.*, *In re Rettschlag*, 2008 WL 1787466, at *1 ("Offenses that are punishable by imprisonment for more than one year are considered common law felonies."); *Zaborowski*, 2007 WL 935603, at *2 ("It is well established that our fourth-degree crimes, which are punishable in State prison for a term of up to eighteen months, are equivalent to common law felonies"). And Defendant has not overcome the generally conclusive rule that a felony is serious. As with the individual who filed a tax return she knew to be false in *Folajtar*, Defendant fled the police, despite knowing that the police were trying to stop him; this also reflects "grave misjudgment."

In the alternative, regardless of whether Defendant's state court conviction amounted to a felony, Defendant has failed to show that the offense was not serious. "There are no fixed rules for determining whether an offense is serious"; however, "various factors may be informative including, but not limited to, whether the crime poses a danger or risk of harm to self or others, whether the crime involves violence or threatened violence, the classification of the offense, the maximum penalty, the penalty imposed, and how other jurisdictions view the crimes." *Holloway*, 948 F.3d at 172, 177. Although Defendant received only a sentence of one year probation, Defendant's offense posed a danger or risk of harm to self and others, and he was convicted of a

fourth degree crime (which requires a physical act and is punishable with a maximum sentence of eighteen months' imprisonment), as opposed to the lesser disorderly persons offense (which carries a maximum sentence of six months' imprisonment). And Defendant has not shown that there is a cross-jurisdictional consensus that obstruction of justice is not serious; rather, Defendant has identified only *two* jurisdictions that categorize the offense as a misdemeanor (Pennsylvania and Delaware).[2]

Because Defendant was convicted of a serious crime, the Court denies his motion to dismiss on the ground that § 922(g) is unconstitutional as applied to him.

### III.    Conclusion

For the foregoing reasons, the Court denies Defendant's motion to dismiss the Indictment.

An appropriate Order follows.

---

[2] Defendant also suggests that New York is a third jurisdiction that supports his position. (*See* No. 26 at 5 ("In New York it does not seem that there is a criminal offense for trying to run away from an arrest, unless you do so in an automobile. The charge for eluding the police in an automobile is a misdemeanor punishable by 1 year in prison.").) Even assuming New York did consider obstruction of justice a misdemeanor offense, three states is far from a consensus.